**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SAID TAWADROS WAHBA TAWADROS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,[1] | ) ) ) ) | No. 2:26-cv-02802-SHL-atc |
| Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 3, 2026, Petitioner Said Tawadros Wahba Tawadros filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2]  (ECF No. 1.)  Tawadros challenges his detention "without any individualized determination that continued confinement is necessary."  (Id. at PageID 2.)  Tawadros, a citizen of Egypt, has resided in the United States continuously since August 2023.  (Id. at PageID 3.)  He states that he is a practicing Coptic Orthodox Christian who was persecuted in Egypt for his religion.  (Id. at PageID 4.)  On July 1, 2026, he was taken into ICE custody during a routine ICE check-in.  (Id. at PageID 5.)  He remains detained at the West

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, Todd Blanche, Trinity Minter, Brian Acuna, David Venturella, and Markwayne Mullin are dismissed from the case.

[2] Along with the Petition, Tawadros filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.  (ECF No. 2.)  That motion requests relief duplicative of the relief sought in the Petition.  Therefore, in the interest of judicial economy, that motion is **DENIED AS MOOT**.

Tennessee detention facility.  (Id.)  He seeks immediate release from Respondent's custody or a prompt bond hearing.  (Id. at PageID 11.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **two business days** of the filing of this Order, Tawadros shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)    Within **two business days** after Tawadros fully complies with the above requirement, Respondent shall respond to the Petition in writing.  If the basis of Tawadros's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Tawadros may file a reply within **two business days** after Respondent's responsive filing.

(4)    Respondent shall not transfer Tawadros out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 10th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE